UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-129 (DWF/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Antonio Bugarin-Herrera, | |
| Defendant. | |

This case is before the Court on Defendant Antonio Bugarin-Herrera's Motion for Pretrial Disclosure of 404 Evidence (Dkt. 22); Defendant Antonio Bugarin-Herrera's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. 23); Defendant Antonio Bugarin-Herrera's Pretrial Motion for Discovery and Inspection (Dkt. 24); Defendant Antonio Bugarin-Herrera's Pretrial Motion to Disclose and Make Informant Available for Interview (Dkt. 25); Defendant Antonio Bugarin-Herrera's Motion for Early Disclosure of Jencks Act Material (Dkt. 26); Defendant Antonio Bugarin-Herrera's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (Dkt. 27); and Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (Dkt. 29).

Counsel for Defendant Antonio Bugarin-Herrera and the United States of America ("the Government") agreed that the Court may rule on Defendant's motions (Dkts. 22-27) without the need for a hearing, and Defendant's motions were taken under advisement after the Government's response.  (Dkt. 28.)  The Government's motion (Dkt. 29) was

filed after the Court's order that Defendant's motions would be decided without a hearing; Defendant did not file an opposition, and no party requested a hearing on that motion.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Antonio Bugarin-Herrera's Motion for Pretrial Disclosure of 404 Evidence (Dkt. 22) is **GRANTED IN PART**. No later than 14 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

2. Defendant Antonio Bugarin-Herrera's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. 23) is **GRANTED** insofar as the Government shall comply with its requirement to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and further insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order, if not previously disclosed, and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

3. Defendant Antonio Bugarin-Herrera's Pretrial Motion for Discovery and Inspection (Dkt. 24) is **GRANTED IN PART** and **DENIED IN PART**. The Government "objects to this motion to the extent it demands more than required by [the Federal Rules of Criminal Procedure and applicable case law]." (Dkt. 30 at 2.) The Government shall comply with its discovery obligations under Rule 16. To the extent the Motion seeks material outside of the scope of Rule 16, the Motion is denied. Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.

4. Defendant Antonio Bugarin-Herrera's Pretrial Motion to Disclose and Make Informant Available for Interview (Dkt. 25) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. Defendant did not provide any specific argument as to why this discovery is appropriate in this case. (*See id.*) The Government represents that it used two informants in the investigation of this case, the first of which "had nothing to do with the collection of any evidence in support of the criminal charges brought against defendant and will not be called as a witness at trial." (Dkt. 30 at 3.) As to the second, the Government represented that it has identified that informant as a confidential informant in discovery and may call the informant as a witness at trial. (*Id.*) The Government further represented that "[i]f a determination is made that the confidential informant will be a trial witness, the government will disclose the identity of that individual two weeks prior to trial." (*Id.*)

The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). When deciding whether to disclose information about an informant, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. The essential consideration when deciding whether evidence is relevant and helpful to the defense is "whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted). This is in contrast to "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *see also United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the

4

government but neither witnesses nor participates in the offense.") (quotation marks and citations omitted). "The defendant has the burden of showing materiality, which 'requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant.'" *Carpenter*, 257 F.3d at 779 (quoting *United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984)).

Here, Defendant has not made any specific argument regarding any confidential informant and so has not shown that any informant is a material witness to the defense. Accordingly, Defendant has not met his burden of demonstrating the need for disclosure of any confidential informant at this time and his Motion is denied without prejudice to Defendant's ability to reassert the Motion based on a more specific showing. However, should the Government decide to call a confidential informant at trial, the Government must identify that informant fourteen days before trial, as agreed by the Government. This will give Defendant adequate opportunity to prepare, while considering the safety of the informant. *See United States v. Rodrequez*, 859 F.2d 1321, 1326 (8th Cir. 1988) ("We have held that any issue concerning the disclosure of an informant's identity before trial is eliminated when the person testifies at trial.") (citing *United States v. Foster*, 815 F.2d 1200, 1202-03 (8th Cir. 1987)); *see also United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (concluding that seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants") (citations omitted).

5.  Defendant Antonio Bugarin-Herrera's Motion for Early Disclosure of Jencks Act Material (Dkt. 26) is **DENIED** insofar as it seeks an order for the production of Jencks Act material "at least three days prior to the commencement of the trial" or an order for production of Jencks Act material before a witness has testified at trial on direct examination. The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material early, and the Government has represented that it "will provide the defense with all Jencks Act materials no later than three business days prior to trial." (Dkt. 30 at 3-4.)[1]

6.  Defendant Antonio Bugarin-Herrera's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (Dkt. 27) is **DENIED IN PART AS MOOT**. The Government represented that it has instructed its officers and agents to retain their rough notes and evidence. (Dkt. 30 at 4.) The Motion is **GRANTED IN PART** insofar as if the Government has not already done so, it is ordered to instruct law

---

[1] This representation does not alter the Government's obligations with respect to impeaching material required to be disclosed by *United States v. Giglio*, 405 U.S. 150 (1972), as set forth in paragraph 2.

enforcement officials involved in the investigation to retain and preserve their rough notes.

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (Dkt. 29) is **GRANTED** as unopposed.  Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.

DATED:  August 17, 2021                              *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge